IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: ) | |
| ) | |
| BENJAMIN HARRIS NICELY and ) | Case No. 06-41408-drd-13 |
| LINDA LAWHORN NICELY, ) | |
| ) | |
| Debtors. ) | |

**ORDER ON MOTIONS TO VACATE ORDERS**
**OVERRULING OBJECTIONS TO CONFIRMATION**

The matters before the Court are motions by Daimler Chrysler Financial Services Americas, L.L.C. ("Daimler Chrysler") and GMAC, L.L.C. ("GMAC") to vacate this Court's orders overruling their objections to confirmation of the Debtors' Chapter 13 plan. The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and (b) and they are core proceedings which the Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(B), (L) and (O). This order contains the Court's Findings of Fact and Conclusions of Law as required by Rule 52 of the Federal Rules of Civil Procedure made applicable to this proceeding by Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure. For all the reasons set forth below, the Court denies the motions to vacate.

Debtors filed this Chapter 13 proceeding on June 7, 2006. At the time of filing the petition, Debtors were indebted to Daimler Chrysler which held a security interest in a 2004 Dodge Caravan. In addition, Debtors had a debt to GMAC, secured by a 2004 Chevrolet Trailblazer. On June 19, 2006, Debtors filed a Chapter 13 plan in which they proposed to surrender both vehicles in lieu of the entire indebtedness. According to that provision, neither Daimler Chrysler nor GMAC would be allowed an unsecured deficiency claim for any amount remaining due after disposing of the collateral. Both Daimler Chrysler and GMAC objected to the Chapter 13 plan contending they should be allowed to assert deficiency claims after the sale of the vehicles. No authority was cited

in support of that proposition. The Court held a hearing on the objections to confirmation on July 24, 2006. At that time, counsel for the Debtors and counsel for Daimler Chrysler and GMAC advised the Court that they agreed that both vehicles were covered by the new provision in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") governing claims secured by automobiles acquired for the personal use of the debtor and incurred within the 910-day period prior to the filing of the petition. The so-called "hanging paragraph" appended to § 1325(a) makes § 506 inapplicable to such claims for purposes of § 1325(a)(5). The Court heard argument on the objections and advised counsel that it had previously ruled that surrender of vehicles subject to this protection may be made by debtors in full satisfaction of the claim, consistent with the holding of the court in *In re Ezell*, 338 B.R. 330 (Bankr. E.D. Tenn. 2006). Neither creditor at that time sought the opportunity to submit briefs on the question and the Court entered orders overruling both objections. On July 31, 2006, an order was entered confirming the Debtors' Chapter 13 plan.

On August 8, 2006, both Daimler Chrysler and GMAC filed motions asking that this Court vacate its orders overruling their objections. In support of the motions, Daimler Chrysler and GMAC noted that the issue presented by their objections to confirmation was under advisement by another judge in this district. Both creditors requested that the Court vacate its order overruling their objections to confirmation and either offer them the opportunity to brief the issue or, in the alternative, hold its ruling in abeyance until such time as an order was issued in the other case.

The Court will deny the motions to vacate because Daimler Chrysler and GMAC have not given the Court any justification for doing so. Although neither Daimler Chrysler nor GMAC cites any authority in support of their requests that the Court vacate the orders, presumably the requests are predicated upon Rule 9024 of the Federal Rules of Bankruptcy Procedure and the provisions of

Rule 60 of the Federal Rules of Civil Procedure which it incorporates which allows the Court under some circumstances to grant relief from a judgment or order. The grounds for such relief are specified in subparagraph (b) of Rule 60. None appears to be applicable in this instance. Daimler Chrysler and GMAC request that the Court either give them the opportunity to file briefs or await a decision in another case in this district in which the same issue had been raised and was under advisement. That order has now been issued. In *In re Osborn*, ___ B.R. ___, 2006 WL 2457933 (Bankr. W.D. Mo.), Judge Federman sustained an objection by the debtors to a claim by Capitol One Auto Finance and overruled its objection to confirmation of the debtors' plan holding that the debtors could surrender an automobile governed by the provisions of the hanging paragraph in complete satisfaction of the indebtedness. This Court agrees with the reasoning in *Osborn* and will follow it. The result is consistent with all the published decisions on the question with one exception. *See In re Brown*, ___ B.R. ___, 2006 WL 2258535 (Bankr. N.D. Fla.); *In re Sparks*, ___ B.R. ___, 2006 WL 2243076 (Bankr. S.D. Ohio); *In re Payne*, ___ B.R. ___, 2006 WL 2289371 (Bankr. S.D. Ohio); *In re Ezell*, 338 B.R. 330 (Bankr. E.D. Tenn. 2006). *Contra In re Duke*, ___ B.R. ___, 2006 WL 1975868 (Bankr. W.D. Ky.).

The addendum to § 1325(a) added by BAPCPA provides that for purposes of paragraph (5), the provisions of § 506 do not apply. Accordingly, claims of creditors secured by motor vehicles acquired for the personal use of the debtor and incurred within the 910-day period prior to the filing of the petition may not be bifurcated. If § 506, the provision which would otherwise limit the amount of the creditor's secured claim to the value of the collateral, does not apply, a creditor with such a claim has a secured claim for the full amount of the debt. *In re Brooks*, 344 B.R. 417 (Bankr. E.D.N.C. 2006); *In re Scruggs*, 342 B.R. 571 (Bankr. E.D. Ark. 2006); *In re Shaw*, 341 B.R. 543

(Bankr. M.D.N.C. 2006); *In re Brown*, 339 B.R. 818 (Bankr. S.D. Ga. 2006); *In re Johnson*, 337 B.R. 269 (Bankr. M.D.N.C. 2006).

An allowed secured claim may be treated in one of three ways. The debtor may obtain the creditor's acceptance to the proposed treatment of the claim set forth in the plan, the debtor may propose to retain the collateral and pay the claim over time at an appropriate discount rate or the debtor may surrender the collateral. If the claim may not be bifurcated when the debtor proposes to retain the property and pay the claim over time, pursuant to § 1325(a)(5)(B), neither should it be bifurcated when the debtor proposes to treat the claim by surrender of the collateral, pursuant to § 1325(a)(5)(C). Allowing the secured creditor to assert a deficiency claim after disposition of the vehicle, would permit the very thing which the hanging paragraph prohibits, which is bifurcation of the claim. Denial of the deficiency claim upon surrender recognizes the claim as fully secured, a result consistent with the outcome when the debtor chooses to retain the collateral and pay the claim.

The only published decision to hold differently of which the Court is aware is *In re Duke*, __ B.R. ___, 2006 WL 1975868 (Bankr. W.D. Ky.). In *Duke*, the court concluded that the language of the hanging paragraph is ambiguous and referred to the legislative history for guidance. In reviewing that history, the court determined that the purpose of the provision in question was to provide "fair treatment" to certain secured creditors in Chapter 13 and specifically to provide "more protection" to holders of purchase money security interest in motor vehicles. The court also noted that disallowance of a deficiency claim would be in derogation of the creditor's state law rights and contrary to prior practice.

This Court respectfully disagrees and finds these general references to the legislative history

4

unpersuasive. As the court noted in *Osborn*, creditors' entitlements and the debtor's property interests are ordinarily established in the first instance by state law, but are frequently subject to modification under the Bankruptcy Code. *See also Brown*, 2006 WL 2258535 at *6; *In re Fleming*, 339 B.R. 716, 724 (Bankr. E.D. Mo. 2006). It is true that in interpreting provisions of the Bankruptcy Code, a court may look at previous practice or judicial doctrine and that they serve as tools of construction, informing the court's interpretation of statutory provisions. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 10-11 (2000); *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 246 (1989); *Kelly v. Robinson*, 479 U.S. 36, 44 (1986). The court has also said that if Congress intends to displace an established practice or doctrine, then it must say so clearly. *Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection*, 474 U.S. 494, 502 (1986). However, if the statutory language is clear, contrary previous practice will not override it. *Hartford*, 530 U.S. at 10-11; *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 566 (1994). As noted by the court in *Ezell*, the bifurcation effected by § 506(a) was the source of the creditor's right to a deficiency claim prior to BAPCPA. *Ezell*, 338 B.R. at 338. The hanging paragraph unambiguously provides that section is no longer applicable; bifurcation is, therefore, no longer appropriate. The loss of the deficiency claim is the logical result of the application of the statutory language according to its plain meaning, which this Court is obligated to do unless it produces an absurd result or one which is demonstrably at odds with the intent of Congress. *Ron Pair*, 489 U.S. at 242. As noted by the court in *Osborn*, the legislative history on this issue is sparse and does not support an argument that this result is manifestly inconsistent with Congressional intent. *Osborn*, 2006 WL 2457933 at *3, *citing Ezell*, 338 B.R. at 341. Neither is the result absurd. It produces a result consistent with treatment of the claim in the event the debtor retains the vehicle and pays the claim over the life of

the plan.

      For all these reasons, the Court overrules the motions of Daimler Chrysler and GMAC to vacate its orders overruling their objections to Debtors' Chapter 13 plan.


DATED:     September 7, 2006                    /s/ Dennis R. Dow
                                                     HONORABLE DENNIS R. DOW
                                                     UNITED STATES BANKRUPTCY JUDGE